Sina Rezvanpour, Esq. (SBN: 274769)
sr@rkrlegal.com
Sara Rezvanpour, Esq. (SBN: 275956)
sara@rkrlegal.com
Shuan Lue, Esq. (SBN: 282883)
shuan@rkrlegal.com
RKR Legal, APC
17530 Ventura Blvd., Suite 102
Encino, California 91316
Telephone: (866) 502-0787
Facsimile: (866) 502-5065

Attorneys for Plaintiff,
Ronald Rudolph

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RONALD RUDOLPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESORT VACATIONS INC., a Nevada Corporation, d/b/a Travel Media Partner,<br><br>Defendants. | **Case No.:** 8:15-CV-00735<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF PURSUANT TO CALIFORNIA PENAL CODE § 632.7**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff RONALD RUDOLPH ("RUDOLPH" or "Plaintiff"), on behalf of himself and the class of similarly situated individuals as defined below, alleges upon information and belief and investigation by counsel as follows:

## INTRODUCTION

1. This class action lawsuit arises out of Defendant RESORT VACATIONS INC., d/b/a Travel Media Partner's, ("RVI" or "Defendant") policy and practice of willfully employing and/or causing to be employed certain recording equipment in order to record Defendant's telephone conversations with Plaintiff without Plaintiff's knowledge or consent, in violation of California Penal Code § 632.7, thereby invading Plaintiff's privacy.

2. Defendant's policy and practice of recording telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (California Penal Code §§ 630, *et seq.*). Specifically, Defendant's policies and practices violate California Penal Code § 632.7 (" Penal Code § 632.7"), which prohibits the recording of a communication made to a cellular telephone without the consent of all parties to the communication. Penal Code § 632.7 does not require that the recorded communication be confidential.

3. Defendant has violated and continues to violate Penal Code § 632.7 by impermissibly recording its telephone communications with California residents while said residents are on cellular telephones, without the consent of all parties to the communication.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff is a resident of the State of California and seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendant, a company incorporated in Nevada and with its principal place of business in California. Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation, pursuant to Penal Code 637.2(a), which when aggregated among a proposed class number in the thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant.

## **PARTIES**

6. Plaintiff is an individual residing in the State of California.

7. Upon information and belief, Plaintiff alleges that Defendant is a Nevada corporation with its principal place of business located at 26691 Plaza, Suite 100, Mission Viejo, California, 92691.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by those fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that ground alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

9. "Defendants" means and refers to defendant RVI and the fictitiously named Defendants, each and all of them, as well as their related entities, subsidiaries, and agents.

10. Upon information and belief, Plaintiff alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Upon information and belief, Plaintiff alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, and/or aided and abetted the conduct of all Defendants.

///

///

# FACTUAL ALLEGATIONS

**First Recorded Call**

11. On or about April 13, 2015 at 8:26 p.m. Pacific Standard Time, Plaintiff received a telephonic communication from (949) 207-7180 ("Defendant's Orange County Number"), a number associated with Defendant, on Plaintiff's cellular telephone.

12. The individual calling from Defendant's Orange County Number stated that his name was Jack and identified himself as a representative of Defendant ("Representative Jack").

13. During the conversation, Representative Jack stated that Defendant had obtained Plaintiff's phone number because Plaintiff had signed up for a contest for Los Angeles Clippers tickets. Representative Jack also offered Plaintiff a free vacation for two people.

14. During the conversation, Plaintiff asked whether the call was being recorded. Representative Jack responded that the call was indeed being recorded, and stated that he was eventually going to inform Plaintiff that the call was being recorded.

15. Plaintiff then immediately informed Representative Jack that he was uncomfortable with the call being recorded without his consent and that Representative Jack should have informed Plaintiff about the recorded call at the very beginning of the conversation.

16. Plaintiff then said goodbye and terminated the call.

**Second Recorded Call**

17. On or about April 16, 2015 at 6:43 p.m. Pacific Standard Time, Plaintiff received yet another telephonic communication on his cellular phone from Defendant. This communication was from (562) 202-5796, a number associated with Defendant ("Defendant's Los Angeles Number").

18. The individual calling from Defendant's Los Angeles Number

identified himself as Matthew ("Representative Matthew").

19. Representative Matthew informed Plaintiff that he might be eligible for a vacation to San Francisco or Las Vegas.

20. Plaintiff then asked Representative Matthew whether the call was being recorded. Representative Matthew responded that the call was indeed being recorded.

21. Plaintiff informed Representative Matthew that he was not comfortable speaking on a recorded line without his consent and terminated the call.

**Defendant's Conduct Violates Penal Code § 632.7**

22. Plaintiff had no reason for suspecting that any of his cellular telephone conversations with Defendant would be recorded. Had Plaintiff known that the conversations would be recorded, Plaintiff would not have given consent.

23. Plaintiff found Defendant's clandestine recording to be highly offensive due to the dishonest nature of the action. Because there was no warning that calls would be recorded or monitored, Plaintiff had a reasonable expectation that his telephone conversations with Defendant were private and confined to the parties on the telephone. The recording, monitoring, and/or eavesdropping upon the calls without Plaintiff's consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

24. Defendant's recording of the conversations with Plaintiff without Plaintiff's knowledge or consent caused harm and damage to Plaintiff. Prior to Plaintiff's inquiry on the matter, Plaintiff was never informed that his cellular telephone conversations with Defendant were being recorded. At no time during either call did Plaintiff give consent for the call with Defendant to be monitored, recorded, and/or eavesdropped on.

25. Upon information and belief, Plaintiff alleges that during the relevant

time period, Defendant has had a policy and practice of recording telephone conversations with recipients of calls from Defendant. Defendant's employees and agents are directed, trained, and instructed to, and do, record cellular telephone conversations with the public, including Plaintiff and other California residents.

26. Upon information and belief, Plaintiff alleges that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

27. Defendant's conduct violated the public's right to privacy, including the rights of Plaintiff and other California residents, and constitutes a violation of Penal Code § 632.7.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class").

29. Plaintiff represents, and is a member of, the Class, which is defined as follows: "All persons who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with Defendant from a cellular telephone located in California, and whose calls were recorded and/or monitored by Defendants surreptitiously or without disclosure."

30. Defendants, its employees, and its agents are excluded from the Class.

31. The Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records and/or Defendant's telephone company's or other toll-free service provider's records to determine the size of the Class and to determine the identities of individual Class members. Plaintiff reserves the right to expand or

modify the Class definition as warranted as facts are revealed through further investigation and discovery.

32. By their unlawful actions, Defendant has violated Plaintiff's and the Class's privacy rights under California's Invasion of Privacy Act, specifically, Penal Code § 632.7. The questions raised are, therefore, of common or general interest to the Class, who have a well-defined community of interest in the questions of law and fact raised in this action.

33. Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of law as other putative Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

34. This action may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

**Numerosity**

35. Plaintiff does not know the number of members in the Class, but based on information and belief, believes the Class consists of at least hundreds of individuals, making joinder of individual cases impracticable.

**Typicality**

36. Plaintiff's claims are typical of the claims of all the other Class members. Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all the other Class members.

**Common Questions of Law and Fact**

37. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

a. Whether Defendant has a policy of recording and/or monitoring incoming and/or outgoing calls made to and/or from cellular telephones;

b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing cellular telephone conversations with Defendant are being recorded;

c. Whether Defendant's policy of recording incoming and/or outgoing calls constitutes a violation of Penal Code § 632.7;

d. Whether Defendant's policy of recording incoming and/or outgoing calls constitutes an invasion of privacy;

e. Whether Plaintiff and the Class are entitled to statutory damages of $5,000 per violation of Penal Code § 632.7 under Penal Code § 637.2; and

f. Whether Defendant should be enjoyed from engaging in such conduct in the future.

**Adequacy**

38.  Plaintiff will fairly and adequately represent and protect the interests of the other Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other Class members.

**Superiority**

39.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome

to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member.  Further, it will prevent the very real harm that would be suffered by numerous putative Class members who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law.  Plaintiff anticipates no difficulty in the management of this case as a class action.

40. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

41. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

42. Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole.  Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

///
///
///
///

# FIRST CAUSE OF ACTION

## Unlawful Recording and Interception of Communications –

## Violation of California Penal Code § 632.7

(Against RVI and DOES 1-10, Inclusive)

43. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

44. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy with the purpose, intent, and specific protections of the California Invasion of Privacy Act, including Penal Code § 632. As the California Supreme Court has stated, "California's explicit constitutional privacy provision (Cal. Const., art. I, § 1) was enacted in part specifically to protect Californians from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." *Kearny v. Salomon Smith Barney, Inc.* (2006) 39 Cal. 4th 95, 39-40. Therefore, it is evident that California has a strong and continuing interest in the full and vigorous application of the provisions of Penal Code § 632 prohibiting the recording of telephone conversations involving a cellular telephone without the knowledge or consent of all parties to the conversation.

45. Plaintiff participated in two conversations on his cellular telephone with Defendant's employee or agent.

46. Upon information and belief, at all relevant times, Defendant had a policy and practice of using a telephone system and/or recording equipment that enabled them to surreptitiously record and/or monitor conversations between Plaintiff and Class members using cellular telephones and Defendant.

47. Upon information belief, at all relevant times, Defendants had and followed a policy and practice of intentionally and surreptitiously recording and/or monitoring Plaintiff's and Class members' cellular telephone conversations with

Defendant.

48. Upon information and belief, at all relevant times, Defendant had and followed a policy and practice of not advising or warning Plaintiff or Class members that their cellular communications with Defendant would be recorded and/or monitored. Because Defendant did not disclose to Plaintiff or Class members that their calls were being recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiff's or Class members' express or implied advance consent to the recording and/or monitoring of those conversations.

49. Defendants' conduct as described above violated Penal Code § 632.7(a). Plaintiff and Class members are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to those set for in Penal Code § 632.7.

50. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in California Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the following relief:

  a. An order certifying the Class and appointing Plaintiff Ronald Rudolph as representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;
  b. An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632.7;
  c. A judgment for and award of five thousand dollars ($5000.00) per violation of California Penal Code § 632.7 to Plaintiff and the members of the Class;

    d.  Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

    e.  A permanent injunction enjoining Defendant from engaging in further conduct in violation of California Penal Code § 630 *et seq.*;

    f.  Payment of costs of the suit;

    g.  Payment of attorney's fees under California Code of Civil Procedure § 1021.5;

    h.  An award of pre- and post-judgment interest to the extent allowed by law; and

    i.  Any other further relief that the court may deem just and proper.

## DEMAND FOR JURY TRIAL

51.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 8, 2015                                Respectfully submitted,

                                                              **RKR LEGAL, APC**

                                                              By: /s/ Shuan Lue

                                                                     SINA REZVANPOUR
                                                                     SARA REZVANPOUR
                                                                     SHUAN LUE
                                                                     ATTORNEYS FOR PLAINTIFF

RKR Legal, APC
17530 Ventura Blvd., Suite 102
Encino, California 91316