1
JOSEPH EHRLICH - #84359
MARK R. MEYER - #238231
2
Losch & Ehrlich - Attorneys at Law
425 California Street, Suite 2025
3
San Francisco CA 94104
Telephone:     (415) 956-8400
4
Facsimile:     (415) 956-2150
Email:        je@losch-ehrlich.com
5
             mm@losch-ehrlich.com

6
Attorneys for Defendant
Resort Vacations, Inc.
7

8
UNITED STATES DISTRICT COURT

9
CENTRAL DISTRICT OF CALIFORNIA

10
SOUTHREN DIVISION

11
RONALD RUDOLPH,

12
Plaintiff,

13
v.

14
RESORT VACATIONS, INC.,

15

16
Defendants.

17

18

19

20

Case No. 8:15-cv-00735-JVS-DFM

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PURSUANT TO 12(b)(6)**

Date:   July 20, 2015
Time:   1:30 p.m.
Dept.:  Courtroom 10C

Complaint Filed:   May 8, 2015
Judge :           James V. Selna
Mag. Judge:       Douglas F. McCormick

JURY TRIAL DEMANDED

21
        Pursuant to Federal Rules of Evidence, Rule 201, Defendant Resort Vacations, Inc. requests

22
that the Court take judicial notice of the following facts and documents, which are submitted in

23
support of Defendant's Motion to Dismiss Plaintiff's Complaint.

24
        A.  Exhibit 1, attached, is a copy of Assembly member Lloyd Connelly's Author's Statement

25
            of Intent for Assembly Bill 2465.

26
        B.  Exhibit 2, attached, is a copy of a letter from Michael S. Sands to Assembly Members

27
            Phil Isenberg and Lloyd Connelly, dated August 31, 1991.

28
        C.  Exhibit 3, attached, is a copy of Chapter 909 of the California Statutes of 1985.

D. Exhibit 4, attached, is a copy of Chapter 696 of the California Statutes of 1990.

E. Cellular and cordless phones operate by transmitting radio waves broadcast through the air.  See, e.g., *State v. Howard*, 679 P. 2d 197 (Kan. 1984); *State v. McVeigh*, 224 Conn. 593 (1993);

https://www.fcc.gov/encyclopedia/faqs-wireless-phones;

http://www.cdc.gov/nceh/radiation/factsheets/224613_faq_cell-phones-and-your-health.pdf; http://www.ncbi.nlm.nih.gov/pubmed/20383359;

https://www.fcc.gov/guides/interference-defining-source ;

https://www.fcc.gov/guides/interception-and-divulgence-radio-communications;

https://transition.fcc.gov/cgb/consumerfacts/cellcoverage.pdf;

http://www.dhra.mil/perserec/osg/v2comint/cordless.htm ("Cordless phones operate like mini-radio stations");

http://www.dhra.mil/perserec/osg/v2comint/mobile.htm ("All mobile telephones are basically radio transceivers. Your voice is transmitted through the air on radio waves. Radio waves are not directional -- they disperse in all directions so that anyone with the right kind of radio receiver can listen in.")

F. Receive, receiver, and reception are terms commonly used in connection with the conversion of incoming radio waves into perceptible signals.  See, e.g., http://en.wikipedia.org/wiki/Receiver_(radio); https://www.fcc.gov/guides/interference-defining-source.

G. In the 1980s and 1990s there existed many cordless phones that broadcast calls in radio waves that could be received by third parties using the correct equipment.  See all sourced cited above.

The Court should take judicial notice because the facts and documents are not subject to reasonable dispute because they are generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

Courts may take judicial notice of the legislative history of state statutes. See, e.g., *Chaker v.*

1    *Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005).

2        Courts may take judicial notice of State Court pleadings and orders. See, e.g., *U.S. v. Wilson*,

3    631 F.2d 118 (9th Cir. 1980).

4        Courts may take judicial notice of facts that are generally known, including those shown by

5    reference to government websites or papers. *Sachs v. Republic of Austria*, 737 F.3d 584, 597, n. 10

6    (9th Cir. 2013); *Gold v. United States*, 378 F.2d 588, 592 (9th Cir. 1967).

7    Dated:  6/16/2015                    LOSCH & EHRLICH

8

9    By:  _____
     Joseph Ehrlich
10   Mark R. Meyer
     Attorneys for Defendant
11   Resort Vacations, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28